UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROHEED POPALZAI,**

**Plaintiff,**

v.

**AIO LOCKSMITH LLC.,**
d/b/a **ALL IN ONE LOCKSMITH.**

**Defendant.**
_____/

Case Number: 8:22-cv-770

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiff states as follows:

2. Plaintiff resides in Hillsborough County, Florida.

3. Defendant owns and operates a locksmith company doing business as "All in One Locksmith" in Hillsborough County, Florida.

4. Defendant employed Plaintiff as a locksmith in Hillsborough County, Florida.

5. As a condition of Plaintiff's employment with Defendant, Defendant

1

provided Plaintiff with uniforms, tools, and business cards to be used by Plaintiff while performing services of behalf of Defendant.

6. Defendant dispatched or assigned jobs to Plaintiff via Defendant's business management platform.

7. Defendant controlled the order in which Plaintiff serviced the assigned jobs.

8. Plaintiff was required to service all jobs assigned to him by Defendant and would be disciplined if he did not service all jobs assigned to him by Defendant.

9. Defendant, alone, determined the amount to be paid by the customer to Defendant for the services performed by Plaintiff.

10. Plaintiff worked exclusively for Defendant during the entirety of Plaintiff's employment with Defendant.

11. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a commission basis wherein Plaintiff was paid 25% of the amount of the service provided to the customer.

12. Defendant did not maintain records of hours worked by Plaintiff and did not provide Plaintiff with any time keeping mechanism to record the hours worked.

13. Nonetheless, Plaintiff regularly worked 60 or more hours per week during each week of his employment with Defendant.

14. Defendant did not pay Plaintiff overtime wages for all hours worked beyond 40 in a single workweek.

15. Plaintiff was not paid on a salary basis and his pay fluctuated weekly based on the number of services performed by Plaintiff for Defendant.

16. Plaintiff was not subject to any overtime exemptions.

17. Defendant engaged in an illegal policy of requiring Plaintiff to work 60 hours (or more) in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

18. Defendant did not maintain or utilize time keeping records and software that would have allowed Plaintiff to be paid for all hours worked in violation of 29 C.F.R. § 516.

19. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

20. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

21. As a result, Plaintiff often performed work for Defendant at a rate

well below the appropriate premium wage.

22. As of this date, Plaintiff still have not been paid the entirety of his wages and have not been compensated for the full extent of his damages and wage loss under the FLSA.

23. Plaintiffs seeks full compensation, including back wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one- and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

24. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

25. Defendant, at all relevant times to this complaint, was Plaintiff's employers as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the automobile industry as Defendant operate a locksmith enterprise and requires Plaintiff to travel along highways and biways servicing automobiles that have traveled into Florida from other states.

26. This action is brought under the FLSA to recover from Defendant's, unpaid overtime wages in the form of back wages, liquidated damages, and reasonable attorneys' fees and costs.

27. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

28. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant's as well as the sheer size of Defendant's organization suggest that the Defendants are a multi-million-dollar operation that has considerable expertise in the automobile industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant's has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including automobiles, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

29. At all material times relevant to this action, Plaintiff in his capacity as a locksmith was individually covered by the FLSA. The very essence of Plaintiffs' employment, towing automobiles, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

30. Indeed, Plaintiff was regularly required to regularly travel along interstate highways and service vehicles traveling into and out of Florida.

31. Plaintiff regularly worked on vehicles that had recently been traveling along highways and byways within the state.

32. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control Defendant's budget in any way. Plaintiff did not implement legal compliance measures.

33. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

34. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of their employment.

35. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

36. Defendant has failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

38. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

39. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

40. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

41. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

42. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

43. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff's demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 1st day of April, 2022.

/S/ **Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com